IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY V. REMMERT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>    Defendants. | Case No. 19-mc-80290-CRB<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

    The Court is in receipt of Shirley Remmert's Complaint (dkt. 1) and motion for leave to proceed in forma pauperis (dkt. 2). Because the Complaint fails to state a claim upon which relief may be granted, it must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

    A court is required to dismiss a case filed without payment of a filing fee if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2)(B). To make this determination, the court must decide if there is any arguable factual or legal basis for the plaintiff's claims, "however inartfully pleaded." Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984). Although pro se pleadings are liberally construed, Garmon v. County of Los Angeles, 828 F.3d 837, 846 (9th Cir. 2016), a complaint must be dismissed if it does not set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). If a court dismisses a complaint under § 1915(e)(2)(B), the plaintiff may re-file the same complaint if she pays the filing fee. See O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008).

    Remmert's Complaint brings only a single claim: "The failure of the defendants to

1 recognize and join HUD as an indispensable party." Complaint ¶ 23.  She alleges that Defendants
2 failed to bring the Department of Housing and Urban Development into her criminal proceedings
3 in California state court.  Id. ¶¶ 6.  Remmert alleges this was unlawful because Federal Rule of
4 Civil Procedure 19 requires joinder of indispensable parties.  Id. ¶¶ 19–21.  But the Federal Rules
5 of Civil Procedure do not apply to criminal proceedings or proceedings in state court.  Remmert
6 therefore fails to "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.
7 Because "it is absolutely clear that the deficiencies of the complaint could not be cured by
8 amendment," dismissal is with prejudice.  Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015)
9 (internal quotation marks and citations omitted).

**IT IS SO ORDERED.**

Dated: June 8, 2020



CHARLES R. BREYER
United States District Judge